# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARYLAND GREEN PARTY** | * | |
| **Post Office Box 23018** | | |
| **Baltimore, Maryland 21203** | * | |
| | | |
| **STEVEN ANDREW ELLIS** | * | |
| **3813 Ridgecroft Road** | | |
| **Baltimore, Maryland 21206** | * | Civil Action No. _____ |
| | | |
| **LIBERTARIAN PARTY OF** | * | |
| **     MARYLAND** | | |
| P.O. Box 176 | * | |
| Abingdon, Maryland 21009-0176 | | |
| | * | |
| **ROBERT S. JOHNSTON, III** | | |
| 1311 Sheridan Place Unit D | * | |
| Bel Air, Maryland 21015 | | |
| | * | |
| *Plaintiffs*, | | |
| | * | |
| **v.** | | |
| | * | |
| | | |
| **LAWRENCE J. HOGAN, JR., in his** | * | |
| **     Official Capacity as** | | |
| **     Governor of Maryland** | * | |
| State House | | |
| 100 State Circle | * | |
| Annapolis, Maryland 21401-1925 | | |
| | * | |
| **LINDA H. LAMONE, in her** | | |
| **     Official Capacity as** | * | |
| **     State Administrator of Elections** | | |
| Maryland State Board of Elections | * | |
| 151 West Street, Suite 200 | | |
| Annapolis, Maryland 21401-0486 | * | |
| | | |
| *Defendants*. | * | |

*     *     *     *     *     *     *     *     *

## COMPLAINT FOR INJUNCTIVE RELIEF. DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF

Maryland Green Party,  Steven Andrew Ellis, Libertarian Party of Maryland, and Robert S. Johnston, III, by their respective attorneys, hereby files the following Complaint for Injunctive Relief, Declaratory Relief, Damages, and Other Relief against Lawrence J. Hogan, Jr., in his Official Capacity as Governor of Maryland, and Linda H. Lamone, in her Official Capacity as State Administrator of Elections, Maryland Board of Elections, and allege:

## INTRODUCTION

1.      This action seeks to vindicate rights protected by the First and Fourteenth Amendments to the U.S. Constitution, and is brought under 42 U.S.C. § 1983.  This Court has jurisdiction over this civil rights action under 28 U.S.C. §§ 1331 and 1343.  This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

2.      Venue is proper in the Northern Division, District of Maryland pursuant to 28 U.S.C. § 1391(a) because the defendants are subject to personal jurisdiction within the Northern Division, District of Maryland and the events that give rise to this action occurred within the Northern Division, District of Maryland.

## PARTIES

3.      Maryland Green Party ("Green Party") is a partisan organization that lost its status as a Maryland political party following the 2018 General Election pursuant to Maryland Code, Election Law § 4-103, and is seeking to regain that status pursuant to Maryland Code, Election Law § 4-102.

4.      Steven Andrew Ellis ("Ellis") is Co-Chair of the Maryland Green Party and a registered voter in Baltimore City, Maryland.

5.      Libertarian Party of Maryland ("Libertarian Party") is a partisan organization that lost its status as a Maryland political party following the 2018 General Election pursuant to Maryland Code, Election Law § 4-103, and is seeking to regain that status pursuant to Maryland Code, Election Law § 4-102.

6.      Robert S. Johnston, III ("Johnston") is Chairman of the Libertarian Party of Maryland and a registered voter in Harford County, Maryland.

7.      Lawrence J. Hogan, Jr. ("Governor Hogan"), is Governor of Maryland, and the Plaintiffs bring this action against him in his Official Capacity.

8.      Linda H. Lamone ("Administrator Lamone"), is State Administrator of Elections, Maryland Board of Elections ("State Board"), and the Plaintiffs bring this action against her in her Official Capacity.

## FACTS

9.      Maryland Code, Election Law ("EL") § 4-102 requires that a group of registered voters who seek to form a new political party submit a petition bearing the signatures of at least 10,000 registered voters to the State Board.

10.     The Green Party has qualified as a Maryland political party for each statewide general election since 2000.

11.     The Libertarian Party has qualified as a Maryland political party for each statewide general election since 2002.  The Libertarian Party has placed its presidential candidates on Maryland's general election ballot since at least 1980.

12.     Pursuant to EL § 4-103, a new political party retains its status as a political party until December 31 in the year of the second statewide general election following the party's qualification under EL § 4-102.  Thereafter, a political party retains its status if: (1) the political

party nominates a candidate for the highest office on the ballot in a statewide general election and that candidate receives at least 1% of the total vote for that office; or (ii) at least 1% of the State's registered voters are affiliated with the political party.

13.     Neither the Green Party candidate for Governor on the 2018 general election ballot nor the Libertarian Party candidate for Governor on the 2018 general election ballot received at least 1% of the total vote for that office and less than 1% of the State's registered voters were affiliated with either party as of December 31, 2018.  Thus, pursuant to EL 4-103, the Green Party and the Libertarian Party each lost their status as a political party and can only regain party status by complying with all of the requirements under EL § 4-102, including submitting a petition with 10,000 valid signatures.

14.     On March 5, 2020, Governor Hogan issued a Proclamation declaring a State of Emergency and Existence of Catastrophic Health Emergency due to the COVID-19 pandemic. Governor Hogan issued subsequent orders closing non-essential businesses, forbidding large gathering of people, and requiring Marylanders to stay at home.  The stay at home order was in effect statewide from March 30, 2020 through May 15, 2020.  On May 13, 2020, Governor Hogan issued Order 20-05-13-01, which allowed certain businesses to re-open and gatherings to occur. However, Order 20-05-13-01, significantly limits large gatherings and allows local jurisdictions to impose more stringent orders.  All of Governor Hogan's COVIC-19 pandemic orders can be found at https://governor.maryland.gov/covid-19-pandemic-orders-and-guidance/

15.     Subsequent to Governor Hogan's issuance of Order 20-05-13-01, all of the most populous jurisdictions in Maryland, issued orders with greater restrictions than those in Order 20-05-13-01.  Baltimore City, Montgomery County and Prince George's County still have stay at

home orders in effect.  Anne Arundel County, Baltimore County, Frederick County and Howard County have allowed only limited reopening of businesses.

16.     Prior to Governor Hogan's March 5, 2020, Proclamation, the Green Party and the Libertarian Party each were engaged in petition drives to obtain the signatures of at least 10,000 voters prior to the August 3, 2020, deadline for submitting signatures to qualify as political parties for inclusion on the 2020 general election ballot.

17.     As of early March 2020, the Green Party had obtained the signatures of approximately 5,000 individuals who represented that they were registered Maryland voters.

18.     As of early March 2020, the Libertarian Party had obtained the signatures of approximately 3,000 individuals who represented that they were registered Maryland voters.

19.     Pursuant  to EL § 6-207, the State Board verifies signatures after a new party petition is submitted.  The State Board has rejected a significant number of signatures when petitions have been submitted in the past.  Thus, substantially more than 10,000 signatures are required for a successful petition.

20.     Since early March 2020, it has been virtually impossible for the Green Party or the Libertarian Party to collect signatures due to governmental restrictions.   Notwithstanding Governor Hogan's Order 2020-05-13-01, this impossibility continues and likely will continue through August 3, 2020.

21.     The prime venues for collection of petition signatures historically have been large gatherings, such as fairs, festivals and sporting events, during warm weather months.  Since March, all such events have been cancelled in Maryland and none are scheduled to resume until after August 3, 2020.

22.     To obtain a signature on a petition, a solicitor must hand the petition and a pen to a prospective signer and then retrieve the signed petition.  Such an exchange is impossible under the social distancing guidelines from the Centers for Disease Control, which provide:

- Stay at least 6 feet (about 2 arms' length) from other people
- Do not gather in groups
- Stay out of crowded places and avoid mass gatherings

https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html

23.     On April 22, 2020, the State Board approved SBE Policy 2020-01 to allow electronic signatures on petitions.

24.     On May 1, 2020, Mr. Ellis had a telephone conference with State Board personnel to address several access issues with respect to SBE Policy 2020-01.  Although Mr. Ellis and State Board personnel verbally agreed to a plan of action to address the issues, Mr. Ellis has received no response to his subsequent email follow up with State Board personnel.

25.     Since May 1, 2020, the Green Party has been working to have a developer create an open source online signature tool using the guidelines provided by the State Board.  This has involved several weeks of development and testing. Developing this system in a hurry, without access to the same identity verification tools the State Board uses in its online voter registration system has proved difficult, as the developer has tried to balance accessibility with security. While the Green Party expects to have an online signature solution up and running soon, there is no way to predict or plan how effective online signature collection will be, there is no way to know if the site will be subject to security challenges, or to fraudulent use.

26.     Even if an online signature tool could be developed before August 3, 2020, past attempts to obtain signatures by mail, electronic, and social media solicitations have yielded very

few positive results.  The ability to submit electronic signatures is no substitute for in person solicitation.

27.     On April 30, 2020, Green Party counsel wrote to Governor Hogan and Administrator Lamone requesting that the 10,000 signature requirement be suspended under the Governor's emergency powers and that the State Board adopt a more flexible signature verification process than it has applied in the past.  A copy of the letter is attached hereto as Exhibit 1.

28.     Green Party counsel has received no response to the April 30, 2020, letter from Governor Hogan.

29.     On March 31, 2020, Libertarian Party Chair Robert Johnston submitted a written Public Comment to the Maryland State Board of Elections for consideration at its April 2, 2020 meeting, which requested that the State Board recommend to the Governor that he exercise his authority to reduce the 10,000 signature requirement.  A copy of the Public Comment is attached as Exhibit 2.

30.     Libertarian Party Chair Johnston received confirmation that the State Board received his Public Comment but no further response.

31.     Due to the impact of the various emergency orders entered by Governor Hogan, Governor Hogan's apparent refusal to suspend the 10,000 signature requirement and order that the State Board relax its signature verification practices, and the flaws of SBE Policy 2020-01, the Green Party has been required to expend resources and suffered damages.

## CLAIMS FOR RELIEF

## COUNT ONE – FIRST AMENDMENT – DECLARATORY AND INJUNCTIVE RELIEF

32.     The Plaintiffs incorporate the allegations contained in Paragraphs 1-31 as if fully set forth herein.

33.     Under current circumstances, the requirements of EL § 4-102 that the Green Party and Libertarian Party each obtain at least 10,000 signatures of registered voters violate the rights guaranteed to each of the Plaintiffs by the First Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution.

34.     Governor Hogan's refusal to suspend the operation of EL § 4-102, EL § 6--203 and EL § 6-207 and direct Ms. Lamone, in her capacity as State Administrator, not to disqualify any signature on the Maryland Green Party's petition if that signature, whatever its form, can be matched to a registered Maryland voter, violates the rights guaranteed to each of the Plaintiffs by the First Amendment to the United States Constitution.

35.     A real and actual controversy exists between the parties.

36.     The Defendants have less restrictive means by which their interests can be met.

37.     The Plaintiffs have no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing and irreparable harm to their constitutional rights.

38.     The Plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

397.    The Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the Plaintiffs request that the Court:

a.      Immediately issue a temporary restraining order, followed by a preliminary injunction, and ultimately a permanent injunction, prohibiting the strict enforcement of EL § 4-102, EL § 6--203 and EL § 6-207, and (i) directing the Defendants to grant the Green Party or the Libertarian Party, as the case may be, new party status under EL § 4-102 if it submits a new party petition with 1,000 signatures of Maryland registered voters on or before August 3, 2020; and, (ii)

8

directing Administrator Lamone, not to disqualify any signature on a petition submitted by any of the Plaintiffs if that signature, whatever its form, can be matched to a registered Maryland voter.

b.       Issue a declaratory judgment stating that in light of the current public health emergency caused by COVID-19, the orders of Governor Hogan and local Maryland jurisdictions requiring citizens to remain in their homes and restricting public gatherings, and the Centers for Disease Control social distancing guidelines, Maryland's signature requirements for new party recognition cannot be constitutionally enforced under the First Amendment, and that the Defendants must accept the new party petitions of the Green Party and the Libertarian Party if those petitions contain the signatures of at least 1,000 registered Maryland voters.

c.       Order the Defendants to pay to Plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

d.       Grant such other relief as this Court deems just and appropriate.

### COUNT TWO – FIRST AMENDMENT – DAMAGES – GREEN PARTY

40.       The Plaintiffs incorporate the allegations contained in Paragraphs 1-31 as if fully set forth herein.

41.       Prior to Governor Hogan's March 5, 2020 Proclamation, the Green Party hired a Ballot Access Coordinator to develop and execute a plan to obtain at least 13,000 signatures to submit to the State Board in support of its petition for new party status.

42.       Subsequent to Governor Hogan's March 5, 2020, the Green Party's Ballot Access Coordinator has attempted to work on plans and strategies for obtaining necessary signatures in light of various legal restrictions imposed since then.

43.     Due to Governor Hogan's refusal to exercise his emergency powers to reduce the required number of signatures, the Ballot Access Coordinator has been unable to produce a viable plan for obtaining anywhere near the 10,000 signatures required by EL § 4-102.

44.     Due to the flaws in SBE Policy 2020-01, the Green Party has expended resources in an attempt to develop an electronic signature verification tool that would provide meaningful access for potential signers.

453.    Governor Hogan's inaction and the SBE's flawed policy violate the First Amendment rights of the Plaintiffs.

46.     The Green Party has suffered damages proximately caused by Governor Hogan's inaction and the SBE's flawed policy.

WHEREFORE, the Green Party requests that the Court:

a.     Enter a judgment awarding the Green Party damages in an amount to be determined at trial.

b.     Order the Defendants to pay to Plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

c.     Grant such other relief as this Court deems just and appropriate.

May 19, 2020

Respectfully submitted,
___/s/_H. Mark Stichel_____
H. Mark Stichel, Bar No. 02939
ASTRACHAN GUNST THOMAS, P.C.
217 East Redwood Street, Suite 2100
Baltimore, Maryland 21202
Telephone:  410.783.3550
Facsimile:  410.783.3530
hmstichel@agtlawyers.com

*Counsel for Maryland Green Party and
Steven Andrew Ellis, Plaintiffs*

10

Oliver B. Hall (D.C. Bar No. 976463)
CENTER FOR COMPETITIVE DEMOCRACY
P.O Box 21090
Washington, DC 20009
(202) 248-9294
oliverhall@competitivedemocracy.org
*Pro Hac Vice Pending*

*Counsel for Libertarian Party of Maryland
and Robert Johnston, Plaintiffs*