**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

May 20, 2020

MEMORANDUM TO PLAINTIFFS' COUNSEL

  Re: *Maryland Green Party, et al. v. Hogan, et al.*,
    Civil Action No. ELH-20-1253

Dear Counsel:

  At about 10:06 p.m. on Tuesday, May 19, 2020, plaintiffs Maryland Green Party, Steven Ellis, Libertarian Party of Maryland, and Robert Johnston, III filed a "Complaint For Injunctive Relief, Declaratory Relief, And Damages." ECF 1 ("Complaint"). The suit is lodged against Governor Hogan and Linda Lamone, the State Administrator of Elections. Plaintiffs allege, *inter alia*, violations of the First Amendment to the Constitution in connection with the requirements of the Maryland Code (2017 Repl. Vol.), § 4-102 of the Election Law Article ("E.L.").

  In addition to the Complaint, plaintiffs filed a motion for temporary restraining order ("TRO") and/or preliminary injunction. ECF 2 (the "Motion"). It is supported by several exhibits. Plaintiffs ask the Court, *inter alia*, to enjoin defendants from strictly enforcing E.L. §§ 4-102, 6-203, and 6-207, and to direct the defendants, under certain circumstances, to grant new party status to both the Green Party and the Libertarian Party under E.L. § 4-102. *See* ECF 2-5.

  With respect to a motion for temporary restraining order, Fed. R. Civ. P 65(b)(1) provides:

(b) Temporary Restraining Order.

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

  It does not appear that plaintiffs have complied with Rule 65(b)(1)(B). In particular, I cannot conclude from the Motion or the Complaint that plaintiffs have notified defendants of the suit and the Motion. Nor is there any apparent reason why they should not be required to notify defendants of these proceedings before the Court considers the TRO. *See id.* Accordingly, if

-2-

plaintiffs wish to pursue their request for a TRO, they must cure this deficiency by filing a document that complies with Fed. R. Civ. P. 65(b)(1)(B).

Further, Fed. R. Civ. P. 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  If plaintiffs intend to pursue the request for a TRO, they should present their view as to the appropriate amount of a bond.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge