Case 1:20-cv-01253-ELH Document 24-1 Filed 06/19/20 Page 1 of 4

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MARYLAND GREEN PARTY, *et al.*, *

*Plaintiffs*, *

v. * Case No. 1:20-cv-01253-ELH

LAWRENCE J HOGAN, JR., *et al.*, *

*Defendants*. *

* * * * * * * * * * * *

**CONSENT JUDGMENT**

WHEREAS, plaintiffs, the Maryland Green Party, Steven Andrew Ellis, the Libertarian Party of Maryland and Robert S. Johnston, III (collectively "Plaintiffs") filed this action on May 19, 2020 against Lawrence J. Hogan, Jr., in his official capacity as governor of the State of Maryland and Linda H. Lamone, in her official capacity as State Administrator of Elections, seeking declaratory and injunctive relief and, in the case of the Green Party, damages; and

WHEREAS, the claims asserted by Plaintiffs relate to efforts by the Green Party and the Libertarian Party to gain status as recognized political parties under Maryland law, thereby entitling them to nominate candidates for election to public office; and

WHEREAS, the Green Party and the Libertarian Party both lost their status as recognized political parties under Maryland law after the 2018 general elections because neither party's candidate for governor received at least 1% of the vote, and because less

Case 1:20-cv-01253-ELH Document 24-1 Filed 06/19/20 Page 2 of 4

than 1% of the state's registered voters were affiliated with either party as of December 31, 2018; and

WHEREAS, to gain status as political parties under Maryland law in order to be able to nominate candidates for public office to appear on ballots for the November 3, 2020 Presidential General Election, the Green Party and the Libertarian Party are required by law to submit petitions bearing the signatures of at least 10,000 registered voters to the State Board of Elections by August 3, 2020, Md. Code Ann., Election Law §§ 4-102 and 4-103; and

WHEREAS Plainitffs alleged in their complaint that certain governmental restrictions imposed in response to the COVID-19 pandemic have hindered Plaintiffs' efforts to gather signatures on petitions required to regain their statuts as political parties under Maryland law; and

WHEREAS, to facilitate the gathering of signatures during the COVID-19 pandemic, the State Board on April 22, 2020, promulgated SBE Policy 2020-01, which authorized the use of electronic signatures on petitions for recognition of political parties, petitions for nomination as an unaffiliated candidate, and petitions to place questions on the November 3, 2020 Presidential General Election ballot; and

WHEREAS, Plaintiffs and Defendants have reached a settlement of the claims asserted in this case, including the resolution of any potential claim for attorneys' fees by the Plaintiffs, under which the parties have agreed to the entry of this consent judgment, and filed a Joint Motion for Consent Judgment;

Accordingly, it is this 19th day of June 2020, hereby

Case 1:20-cv-01253-ELH Document 24-1 Filed 06/19/20 Page 3 of 4

ORDERED that the Joint Motion is GRANTED; and it is further

ORDERED that all claims against Governor Hogan in the Lawsuit are dismissed with prejudice; and it is further

ORDERED that Count II of the Complaint is dismissed with prejudice; and it is further

ORDERED that judgment is entered in favor of plaintiffs and against defendant Administrator Lamone in her official capacity on Count I of the complaint only to the following extent: the number of signatures of Maryland registered voters required under § 4-102(b)(2)(i) of the Election Law Article of the Maryland Code for the Green Party and the Libertarian Party to be granted status as new political parties in time for those parties to qualify to nominate candidates to appear on the ballot for the November 3, 2020 election is reduced to 5,000; and it is further

ORDERED, that all other relief sought by Count I of the complaint is denied; and it is further

ORDERED, that entry of this order shall not preclude Plaintiffs' right to bring claims challenging any determination made by an election official under Election Law §§ 6-203(b) or 6-207 as to the validity or verification of any signature contained on a petition for the creation of a new political party filed by either the Green Party or the Libertarian Party, in the event that, as a result of any such determination, the petition fails to have the required number of valid signatures as set forth in this Order; and it is further

ORDERED, that if the Maryland Board of Public Works does not approve the parties' settlement agreement, or if the State of Maryland cannot identify funds to satisfy

Case 1:20-cv-01253-ELH Document 24-1 Filed 06/19/20 Page 4 of 4

payment of the attorneys' fee amounts required by that agreement, Plaintiffs shall have the right to reopen the proceedings in this case to pursue claims for costs and attorneys' fees in this Court.

The Clerk is directed to close this case.

Ellen L. Hollander 6/19/20

Ellen L. Hollander
United States District Judge